UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
CHRISTOPHER LACCINOLE,             )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )   C.A. No. 14-508 S
                                   )
JUDY B. ASSAD,                     )
                                   )
        Defendant.                 )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Plaintiff Christopher Laccinole has brought three suits relating to attempts to collect a debt – moneys he allegedly owes to the Village Lower School, Inc. The Court consolidated these actions for more efficient case management, and issued a detailed Memorandum and Order ("Memorandum and Order") granting Defendants' Motions for Judgments on the Pleadings in C.A. No. 14-404. (ECF No. 40 in C.A. No. 14-404.) Currently before the Court is Defendant Judy B. Assad's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) in C.A. No. 14-508. (ECF No. 4.) As detailed below, and for the same reasons cited in the Memorandum and Order, Assad's Motion is GRANTED.

Laccinole raises identical claims to those asserted in C.A. No. 14-404 and the Court need not recount them here. The only material differences between the two actions are three additional

allegations Laccinole makes in this matter:  (1) that Assad acted unlawfully by handing him a copy of the accounting for his debt at a state court hearing (Compl. ¶¶ 46-48, ECF No. 1-1); (2) that Assad amended her state court complaint, dropping one of her initial counts and certain damages claims, conduct that, according to Laccinole, demonstrates that Assad initially brought legally impressible claims (id. ¶¶ 80-89); and (3) that Assad filed an unwarranted objection to Laccinole's Motion for a More Definite Statement in the state court action (id. ¶¶ 69-77).  None of these allegations change the analysis outlined in the Memorandum and Order, nor do they change the result.  Laccinole has failed to state a claim upon which relief can be granted.

The Court has already considered whether the accounting attached to the state court complaint - or absence thereof - violated any of the statutes Laccinole cited in this action. (See Memorandum and Order 15-16, ECF No. 40 in C.A. No. 14-404.)  That Assad handed Laccinole the accounting at a state court hearing does not change this analysis.  Nor does the fact that Assad amended her state court complaint render it misleading under the FDCPA or violate the other state statutes on which Laccinole relies.  Rhode Island Superior Court Rule of Civil Procedure (8)(e)(2) "allow[s] for the assertion of alternative and hypothetical claims and defenses," DiLuglio v. Providence Auto Body, Inc., 755 A.2d 757, 777 (R.I 2000), which is what Assad

appears to have done in her initial complaint. And, as detailed in the Memorandum and Order, Assad did not seek legally impermissible damages or fees. (See Memorandum and Order 17, ECF No. 40 in C.A. No. 14-404.) Finally, that Assad objected to Laccinole's Motion for a More Definite Statement in the state court action (see Ex. F to Compl., ECF No. 1-1 at 57) does not amount to false, deceptive or misleading conduct sufficient to support a claim under any of Laccinole's various counts. As explained in the Memorandum and Order, "[t]o do so . . . the filing must misrepresent the status or the character of the debt, or constitute some other unfair or unconscionable litigation tactic such as submitting false or baseless statements to the court." (See Memorandum and Order 17, ECF No. 40 in C.A. No. 14-404 (citations omitted).) Assad's motion was not misleading, false or baseless.

Consequently, for the same reasons detailed in the Memorandum and Order filed in C.A. No. 14-404, the Court GRANTS Assad's Motion and DISMISSES Laccinole's Complaint WITH PREJUDICE.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date:  August 19, 2016

3